THE VANDEVELD LAW OFFICES, P.C.
Mr. Curtis C. Van de veld, Esq.
Restored Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone: Hagåtña Office 671.472.4396
          Home Office 671.477.2020
          Cellular 671.488.0888
          Facsimile: (671) 472-2561
Email: curtis@vandeveldlawguam.com or
       curtisguamlawyer@hotmail.com

**Attorney for Defendant:**
**JI EON LEE**



FILED
DISTRICT COURT OF GUAM

OCT 21 2010

JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES OF AMERICA
# DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. CR09-00059 |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW BY DEFENDANT JI EON LEE Re: EXPECTED TESTIMONY OF AGENT KENNETH KLOCKE** |
| MELVIN DOUGLAS DAVIS, and JI EON LEE, | |
| Defendants. | |

COMES NOW court appointed counsel for indigent defendant JI EON LEE, THE VANDEVELD LAW OFFICES, P.C., by Mr. Curtis C. Van de veld, Esq., to provide a memorandum of law re: the expected testimony of Kenneth Klocke as follows:

UNITED STATES OF AMERICA, Plaintiff v. JI EON LEE Defendant    Page 1
*FIRST LIST OF WITNESSES SUBMITTED BY DEFENDANT JI EON LEE*

Case 1:09-cr-00059   Document 69   Filed 10/21/10   Page 1 of 5

1 | The United States has indicated that it intends to call as a witness in the trial of the
2 | defendant a special agent Kenneth Klocke who conducted an interview of Melbourne
3 | Douglas Davis on September 15, 2008. Attached to the governments memoranda, is a
4 | copy of an FBI police report known as a Form 302.

Noticeably absent from the facts as indicated by government counsel is reference to the trial of defendant Ji Eon Lee before the District Court of Guam on charges relating to improper procurement of a drivers license from the government of Guam. This preceding was ongoing in September 2008 when Mr. Klocke conducted the interview of Mr. Davis.

The motor vehicle license case did not involve investigation by the Customs and Immigration Enforcement division ("ICE") of the Department Of Justice. That investigation had been conducted by the Federal Bureau of investigation of which Mr. Klocke was a member.

Following an interview of Mr. Davis by Special Agent Klocke, Mr. Klocke prepared his report. The report contains at the conclusion of the first paragraph the words, "DAVIS provided the following information:" (the content of the report is incorporated herein by this reference.).

The simple reading of the content of the report demonstrates that the information contained therein are not exact quotes of statements made by Mr. Davis. Particularly, the sixth paragraph second sentence indicates that Mr. Davis did not provide information as requested. On the second page, last paragraph, a similar indication of unwillingness to provide information is contained. Throughout the report, the information is not contained in a manner quoting Mr. Daivs.

In <u>United States v. Larson</u>, 460 F.3d 1200, 1211 (9th Cir. 2006), the Court of Appeals instructed:

UNITED STATES OF AMERICA, Plaintiff v. JI EON LEE Defendant                                                                Page 2
*FIRST LIST OF WITNESSES SUBMITTED BY DEFENDANT JI EON LEE*

Case 1:09-cr-00059   Document 69   Filed 10/21/10   Page 2 of 5

A co-conspirator's statement may be admitted against a defendant where the prosecution shows by preponderance of the evidence that (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and, (3) the statement was made "in furtherance of" the conspiracy. *Bowman,* 215 F.3d at 960-61 (*citing Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987)). In general, it is true that "[m]ere conversations between conspirators, or merely narrative declarations among them, are not made 'in furtherance' of a conspiracy. Rather, to be 'in furtherance' the statements must further the common objectives of the conspiracy or set a motion transactions that are an integral part of the conspiracy. *United States v. Yarbrough,* 852 F.2d 1522, 1535 (9th Cir. 1988).

The United States has wholly failed to show that the statement made by Mr. Davis was in furtherance of the conspiracy to obtain immigration benefits by fraudulent marriage. The officer to whom the statements were made had no relationship to any immigration matters relating to Melvin Davis and Ji Eon Lee. Nothing demonstrates that Davis had any expectation that his statements would be utilized by immigration for purposes of approving the granting of permanent residency to defendant Lee, the supposed objective of the conspiracy. Instead, the circumstances demonstrate that the purpose of the statements was related to a completely different unrelated investigation. The burden of showing the relationship between the statements and they're furthering of the conspiracy rests with the government. The government has not shown that any of the statements made to agent hockey furthered a common objective of Davis and Lee or set in motion an integral part of any conspiracy.

UNITED STATES OF AMERICA, Plaintiff v. JI EON LEE Defendant    Page 3
*FIRST LIST OF WITNESSES SUBMITTED BY DEFENDANT JI EON LEE*

Case 1:09-cr-00059  Document 69  Filed 10/21/10  Page 3 of 5

The statements are also not admissible under the criteria discussed in United States v. Snow, 521 F.2d 730 (9th Cir. 1975). There the court gave guidance in examining whether the statement was sufficiently reliable. The statements fail to meet the requirements that the declaration contain no assertion of past fact, that the declarant was not relying on faulty recollection. In fact the statement contains indications that the declarants' recollection may be impaired.

The government acknowledges that it does not intend to introduce the form 302 report because such is not admissible in evidence as hearsay under FRE Rule 803(8). Instead, the government seeks to have oral testimony of the same police reports to subvert the purpose of FRE Rule 803(8). Such testimony is not admissible in violation of defendant's rights to confront the witnesses against her. "Where testimonial evidence is at issue, however, the sixth amendment demands what the common law required: unavailability and a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36 (2004). While Mr. Davis is unavailable as a charged codefendant being tried separately, no prior opportunity for cross-examination has occurred for Ms. Lee and the statements are not admissible.

DATED: this 21st day of October 2010.

THE VANDEVELD LAW OFFICES, P.C.

Mr. Curtis C. Van de veld, Esq.
Court Appointed Counsel for defendant
JI EON LEE

UNITED STATES OF AMERICA, Plaintiff v. JI EON LEE Defendant  Page 4
FIRST LIST OF WITNESSES SUBMITTED BY DEFENDANT JI EON LEE

Case 1:09-cr-00059 Document 69 Filed 10/21/10 Page 4 of 5

## Certificate Of Service

I, Curtis C. Van de veld, Esq., hereby certify that I caused a true and correct copy of the preceding pleading to be served to be served on October 21, 2010 to:

Counsel for Plaintiff United States of America
Ms. Karon V. Johnson, Esq.
Assistant United States Attorney
Office of the United States' Attorney for the District of Guam
Sirena Plaza Bldg., Sixth Floor, 108 Hernan Cortes Avenue, Hagåtña, Guam 96910,

and,

Counsel for Defendant MELVIN DOUGLAS DAVIS
Mr. Richard P. Arens, Esq.
Assistant Federal Public Defender, Federal Public Defender
First Hawaiian Bank Bldg., Suite 501, 400 Route 8, Maite, Guam 96910

DATED: this 21st of October 2010.

THE VANDEVELD LAW OFFICES, P.C.

_____
Mr. Curtis C. Van de veld, Esq.
Court Appointed Counsel for defendant
JI EON LEE

UNITED STATES OF AMERICA, Plaintiff v. JI EON LEE Defendant　　　Page 5
*FIRST LIST OF WITNESSES SUBMITTED BY DEFENDANT JI EON LEE*

Case 1:09-cr-00059　Document 69　Filed 10/21/10　Page 5 of 5