# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JI EON LEE and MELVIN DOUGLAS DAVIS,<br><br>Defendant. | Criminal Case No. 09-00059<br><br>**ORDER RE: MOTION FOR JUDGEMENT OF ACQUITTAL** |

This matter is before the court on the Defendant Ji Eon Lee's Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure Rule 29(c). The Defendant contends that the evidence was insufficient to support a conviction for Count VI – Perjury of the Indictment. *See* Docket No. 95. For the reasons set forth below, the motion is **DENIED**.

## BACKGROUND

On or about December 2, 2009, Ji Eon Lee (the "Defendant") was indicted on five counts: Marriage Fraud (Count I) in violation of 8 U.S.C. § 1325(c); Perjury (Count II) in violation of 18 U.S.C. § 1621; False Statement (Count IV) in violation of 18 U.S.C. § 1001(a)(3); False Statement (Count V) in violation of 18 U.S.C. § 1001(a)(3) and Perjury (Count VI) in violation of 18 U.S.C. § 1621. The case proceeded to trial on October 19, 2010. On November 3, 2010, the jury sent the court a note, indicating they had reached an impasse and were unable to agree upon a verdict as to any of the counts. After consultation with counsel, the court delivered the *Allen* charge to the

jury on the morning of the 3rd and instructed them to resume deliberations. Later that same day, however, when it was clear the jurors were unable to reach a unanimous verdict on any count, the court found manifest necessity for a declaration of a mistrial.[1] *See* Docket No. 90.

## DISCUSSION

The Defendant now moves this court for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on Count VI. Specifically, Count VI states:

    1. On or about July 16, 2008, in the District of Guam, the defendant herein, JI EON LEE, did submit a Form I-751 Petition to Remove Conditions on Residence, executed under penalty of perjury under the format of 28 U.S.C. § 1746. The U.S. Citizenship and Immigration Services (CIS) did require as a prerequisite to approval of said Petition, the JI EON LEE submit to an interview, under oath, concerning her qualifications for approval of said Petition.

    2. It was material to the processing and approval of said Petition that the beneficiary of the Petition, JI EON LEE, truthfully answer the questions put to her by the authorized CIS interviewer.

    3. On April 30, 2009, defendant was placed under oath by Vera S. Perez, an officer of the U.S. Citizenship and Immigration Services who was authorized by law to administer oaths and take testimony in connection with the enforcement of the immigration and nationality laws of the United States.

    4. On April 30, 2009, defendant JI EON LEE did unlawfully and willfully, contrary to such oaths, state a material matter which she did not believe to be true, to–wit: that at the time she applied for a marriage license, she was living together with Melvin Douglas Davis at R–22[2] Ypao Condo, Tumon Heights. The aforesaid

---

[1] After the court declared a mistrial, the government orally moved for the dismissal of both the False Statement counts (Counts IV and V) with prejudice. The court granted the motion. *See* Docket No. 90.

[2] Throughout the trial there was some confusion as to whether Mr. Davis resided at R–2 or R–22, for purposes of this Order, they are found to be interchangeable and the reference

statement, as she then and there well know and believed was false in that at the time of her application for a marriage license, she was living at Alupang Cove, Tamuning.

ALL IN VIOLATION of Title 18, United States Code, Section 1621.

Docket No. 1, Indictment.

Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal if the evidence is insufficient to sustain a conviction. The rule provides:

> **(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the prosecution's evidence, the defendant may offer evidence without having reserved the right to do so.
>
> **(b) Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.
>
> **(c) After Jury Verdict or Discharge.**
>
> > **(1) Time for a Motion.** A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> >
> > **(2) Ruling on the Motion.** If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> >
> > **(3) No Prior Motion Required.** A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Fed. R. Crim. P. 29.

The standard for a judgment of acquittal is the same regardless of when the motion is made. The court is to direct acquittal "if the evidence is insufficient to sustain a conviction."

---

to either one is to be deemed as reference to the other herein.

3

Fed.R.Crim.P. 29(a). The evidence is insufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the government, no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

> Because the government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or "rule out every hypothesis except that of guilt beyond a reasonable doubt" at the first step of *Jackson*, *id*. at 326, 99 S.Ct. 2781, a reviewing court may not ask whether a finder of fact could have construed the evidence produced at trial to support acquittal. Only after we have construed all the evidence at trial in favor of the prosecution do we take the second step, and determine whether the evidence at trial, including any evidence of innocence, could allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Id.* at 319, 99 S.Ct. 2781.

*United States v. Nevils*, 598 F.3d 1158, 1164-1165 (9th Cir. 2010).

This court ruled on the sufficiency of the evidence at two points in the trial. After the close of the government's case, the Defendant initially moved for a judgment of acquittal. At that time, the court held that sufficient evidence had been adduced to sustain a conviction and denied the motion. Subsequently, at the conclusion of the trial, the Defendant renewed her motion for judgment of acquittal. The court again ruled that the evidence was sufficient to sustain a conviction and denied the motion.

In the present motion, the Defendant argues that there was insufficient evidence presented to the jury to prove the Defendant committed perjury as stated under Count VI of the Indictment. The interview which is the subject of Count VI was conducted under oath by Ms. Vera Perez ("Ms. Perez"), an Immigration Service Officer. At trial, Ms. Perez testified that she conducted an interview of the Defendant on April 30, 2009. She indicated that after the interview, a transcript was prepared for the Defendant's signature. The document admitted as Exhibit 13 was the transcription of the transcript. It contained the following information:

    Q.    Were you and Mr. Davis living together when you applied for your marriage license:

    A.    (Hestitant) Yes.

    Q.    Do you recall what that address was?

4

1         A.      R–22 Ypao Condo, Tumon Heights.

*See* Exhibit 13, p. 13-3.

Specifically, the Defendant claims that there was no proof that the misstatement she may have made regarding her cohabitation with the co-defendant, Melvin Douglas Davis ("Mr. Davis") at the time of her marriage application, was material in the processing of the I-751 Petition. The jury was instructed that in order for a statement to be material, "the statement had a natural tendency to influence, or was capable of influencing, the actions of CIS." Docket No. 80, Jury Instruction 23. The Defendant claims the government failed to show that her statement regarding where she resided when she applied for a marriage license had any tendency to influence, or was capable of influencing, the agency's decisions and activities.

At trial, Ms. Perez testified that where the parties had been living prior to the marriage, as well as after their marriage, was a material fact that could influence the outcome of whatever adjudication the statements concerned. Ms. Perez testified that in her review of a petition, she looks for whether the indicia of a bona fide marriage such as cohabitation exists. Here, the jury could have found the Defendant's statement concerning whether she actually lived with her husband, Mr. Davis was a statement that "had a natural tendency to influence, or was capable of influencing, the actions of CIS." Docket No. 80, Jury Instruction 23.

Secondly, the Defendant claims that there was no direct proof that what she may have said was actually false. The jury was only presented with Exhibit 1, which was the marriage license captioned "Government of Guam Department of Public Health and Social Services Government of Guam U.S. Standard License and Certificate of Marriage." There was no "application" presented for the jury to review, nor was there any testimony providing the date that the Defendant submitted her application. Defendant references 10 Guam Code Ann. § 3220 in support of her position, which provides:

**§ 3220. Marriage Registration**.

    (a) A record of each marriage performed on Guam shall be filed with the Territorial Registrar of Vital Statistics as provided in this section.

    (b) The officer who issues the marriage license shall prepare the license

5

and certificate on the form prescribed and furnished by the Officer of Vital

Statistics upon the basis of information obtained from the parties to be married,

who shall attest to the information by their signatures.

    (c) Every person authorized by the laws of Guam to perform a marriage

shall certify the fact of marriage and file the record of such marriage with the

Office of Vital Statistics within ten (10) days after the ceremony. This certificate

shall be signed by the witnesses, and another signed copy shall be signed by the

witnesses, and another signed copy shall be given to the parties marrying.

    (d) The officer issuing marriage licenses shall complete and forward to

the Territorial Registrar of Vital Statistics, on or before the fifteenth (15) day of

each month, copies of the applications and licenses filed with him during the

preceding calendar month.

    (e) The Director shall accept, for the purpose of recordation, certified

copies of records of marriages performed outside Guam in which one (1) or both

parties are residents of Guam.

10 GCA § 3220.

The Defendant argues that the only date of consequence to the determination of the charge is the date she applied, if she applied, for a marriage license. Since there was no actual application moved into evidence and no witness testified that at the time of the marriage application, they were not residing together, the court must acquit the Defendant. The court does not agree. The government presented evidence at trial that indicated that the Defendant and Mr. Davis had never lived together, at any time, whether at the time a marriage application was filled out, or when a marriage license was issued. There was evidence introduced that showed that Mr. Davis had lived at R–2 Ypao Villa Condos since 2004; the Defendant had lived at 505 Pia Marine since 2003, and on March 18, 2006, she entered into a two-year lease for 121 Alupang Cove, Tamuning. In her lease agreement at Alupang Cove, the Defendant indicated that there would be four occupants, herself and her three children. *See* Exhibits 8 and 9. There was no mention of Mr. Davis, listed as her husband residing there. A month after they were

married, Mr. Davis took out a loan from Citibank, he stated that he was single. *See* Exhibit 10. In addition, witness, Christine Jin testified that the Defendant told her that she had paid Mr. Davis to marry her for a green card.

Viewing the evidence in the light most favorable to the government, as required under a Rule 29 motion, the court finds that the government presented evidence such that a jury could find the Defendant committed perjury. *See Jackson*, 443 U.S. at 319 (holding that in considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government). "We review the sufficiency of evidence to support a criminal conviction by viewing the evidence in the light most favorable to the prosecution and determining whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Garza*, 980 F.2d 546, 552 (9th Cir.1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## CONCLUSION

The court finds that the government presented evidence sufficient to support a jury's guilty verdict on the charge of Perjury. Accordingly, the court **DENIES** the Defendant's motion as set forth herein.

**IT IS SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Dec 09, 2010**